**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**HIBBETT SPORTING GOODS, INC.**                                        **PLAINTIFF**

**v.**                                        **No. 4:12-cv-20-DPM**

**MILITARY CAPITAL VENTURE, LLC**                              **DEFENDANT**

**ORDER**

The Court appreciates the parties' excellent joint report on their discovery dispute, № 20, and regrets its delay in ruling.  Taking things in reverse order, the Court decides the disputes as follows.

Given the way of calculating alternative rent, and the potential impact from the new store on the old store's revenue, Hibbett Sporting Goods must respond to requests 9 & 10.  While the Court understands Hibbett's intention to limit claimed damages by letter, Military Capital Venture is entitled to a formal statement and itemization.  Hibbett must respond to interrogatory 9 and request 8.  Hibbett's actions about co-tenants in other situations strike the Court as having marginal relevance in this dispute, but MCV is entitled to a partial response to interrogatory 9.  Hibbett should answer whether it has entered leases without a co-tenant provision and whether it has ever waived or modified this kind of provision.  That's it.  Given the basket of

circumstances involved in any lease negotiation and any long-term lease relationship, the evidentiary value of this information in this case is slight or nonexistent.  We'll see about admissibility.  Similar resolution on request 4: Hibbett should answer whether it has entered into any post-2006 leases that use the term Goody's in a co-tenancy clause; it should also explain how the parties responded to Goody's demise in those situations (if any).  Hibbett should produce only the co-tenancy provision (and any related provisions, such as definitions) of any lease where Goody's was an anchor co-tenant. The Confidentiality Order, and the blind-excerpt-only production, will protect the third parties.  Relevance and admissibility are reserved.

Supplemental responses due 19 July 2013.  The motions for summary judgment have come earlier than expected.  This is helpful in framing the disputed issues. The Court amends the Scheduling Order to take advantage of this development: settlement conference request due by 31 July 2013.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

5 July 2013